**Willie SANDERS, Plaintiff–Appellant,**

**Ansonia Copper & Brass, Inc., Interpleader–Plaintiff**

**v.**

**FIRELINE, INC., Defendant–Appellee.**

No. 07–1565–cv.

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

Robert Sweeney, Early, Ludwick & Sweeney, LLC, New Haven, CT, for Appellant.

Elizabeth M. Festa, (Charles F. Gfeller on the brief), Goldberg Segalla, LLP, West Hartford, CT, for Appellee.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges, JED S. RAKOFF,[1] Judge.

## SUMMARY ORDER

Willie Sanders appeals from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*), entered on March 15, 2007, following the court's order granting Fireline, Inc.'s motion to preclude the testimony of Sanders' expert and its motion for summary judgment, filed on March 12, 2007, 2007 WL 776540. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

The question whether expert testimony is necessary in this case presents a question of law, *Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir.1986), which must be decided de novo. The decision to exclude the particular expert's testimony, however, is reviewed for abuse of discretion. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) ("A court of appeals is to apply an abuse-of-discretion standard when it reviews a trial court's decision to admit or exclude expert testimony.") (citation and internal quotation marks omitted).

"A district court's grant of a summary judgment motion is subject to de novo review.... All evidence submitted on the motion is to be construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n,* 362 F.3d 147, 151 (2d Cir.2004) (citations omitted). Summary judgment "should be rendered if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

Sanders challenges the district court's grant of summary judgment on the basis of the exclusion of his expert witness. The Connecticut Supreme Court has made it clear that in product liability actions, "a jury may, under appropriate circumstances, infer a defect from the evidence without the necessity of expert testimony." *Potter v. Chicago Pneumatic Tool Co.,* 241 Conn. 199, 218, 694 A.2d 1319 (1997). Expert testimony is unnecessary "if all the primary facts can be accurately and intelligibly described to the jury, and if they ... are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation." *Salem v. U.S. Lines Co.,* 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962) (internal quotation marks omitted). "Where, however, the nexus between the injury and the alleged cause would not be obvious to the lay juror, expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury." *Wills v. Amerada Hess Corp.,* 379 F.3d 32, 46 (2d Cir.2004) (internal quotation marks omitted). Given that Sanders' personal injury claim turned on the precise physical conditions in which ceramic cups fracture, the jury was not "as capable [as an expert witness] of comprehending the primary facts and of drawing correct conclusions from them." *Salem,* 370 U.S. at 35, 82 S.Ct. 1119. Accordingly, the district court was not in error when it ruled that expert testimony was necessary in order for Sanders to withstand summary judgment.

Sanders argues that the district court abused its discretion by not holding a hearing on the defendant's motion to ex-

---

1. The Honorable Jed S. Rakoff, United States District Judge of the United States District Court for the Southern District of New York, sitting by designation.

clude expert testimony, and that a hearing was required in this case because the record was incomplete at the time of the district court's ruling. But, Sanders never asked the district court for a hearing in the briefing, and argument on the motion to exclude, and never identified for the district court what evidence might have usefully been considered other than that which the court already had before it. The district court did not err in ruling on the admissibility of Sanders' expert based upon the developed record below and without a *Daubert* hearing.

■ The district court excluded Sanders' expert on the grounds, *inter alia,* that the expert's "report and [deposition] testimony reflect a failure on his part to make any effort to validate through scientific methodology the hypotheses ... as to why the south pour cup was defective because of its manufacture or design." It was well within the court's discretion to "conclude that there [was] simply too great an analytical gap between the data and the opinion proffered," *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997), because "[t]he failure to test a theory of causation can justify a trial court's exclusion of the expert's testimony," *Brooks v. Outboard Marine Corp.,* 234 F.3d 89, 92 (2d Cir.2000). We conclude, on that basis, that the district court did not abuse its discretion. We have considered Sanders' other arguments, and find those to be without merit.

We, therefore, AFFIRM the decision of the district court.

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.